Adam W. Hansen, CA State Bar No. 264241
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238
ahansen@nka.com

Attorney for Plaintiff and the putative classes

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adam Rosh, individually, on behalf of others similarly situated, and on behalf of the general public, <br><br> Plaintiff, <br><br> v. <br><br> Indeed, Inc., <br><br> Defendant. | Case No. <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF** <br><br> **(1)  Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, <u>et seq.</u>)** <br><br> **(2)  Failure to Pay Overtime Compensation in Violation of California Law (Cal. Lab. Code §§ 510, 1194, and 1198, and IWC Wage Order(s))** <br><br> **(3)  Waiting Time Penalties (Cal. Lab. Code §§ 201-203)** <br><br> **(4)  Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Lab. Code § 226.7)** <br><br> **(5)   Violation of California Business and Professions Code §§ 17200 <u>et seq.</u>** <br><br> **DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1.    This is a class and collective action brought by Individual and Representative Plaintiff Adam Rosh on his own behalf and on behalf of the proposed class.  Plaintiff and the putative class members are or were employed by Defendant Indeed, Inc. ("Indeed" or "Defendant") as account executives and were denied proper compensation as required by state and federal wage and hour laws.  These employees are similarly situated under Rule 23 of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.    The FLSA Collective is made up of all persons who have been employed by Defendant as account executives at any time within three years prior to this action's filing date through the trial of this action (the "Collective Period").

3.    The California Class is made up of all persons who have been employed by Defendant as account executives in the State of California at any time within four years prior to this action's filing date through the trial of this action (the "California Class Period").

4.    During the Collective Period and the Class Period, Defendant failed to pay overtime compensation to Plaintiff and each member of the putative class as required by federal and state law.  Plaintiff seeks relief for the California Class under California wage and hour law and for the Collective under the FLSA, to remedy Defendant's failure to pay all wages due, to pay appropriate overtime compensation, to provide meal and rest periods, and to pay waiting penalties, in addition to injunctive relief.

**THE PARTIES**

5.    Individual and representative Plaintiff Adam Rosh is an individual residing in Fresno, California (Fresno County).  He was employed by Defendant from approximately November 2011 through April 2012.  He worked as an account executive in Defendant's Mountain View, California (Santa Clara County) office.

6.    Upon information and belief, Defendant Indeed, Inc. is a Connecticut Corporation doing business in and maintaining offices throughout the state of California, including an office in Mountain View, California (Santa Clara County), the state of New York, and the state of

-2-

Connecticut. Defendant Indeed is headquartered in Stamford, Connecticut.

**JURISDICTION AND VENUE**

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*  Plaintiff Adam Rosh has signed a consent form to join this lawsuit, which is attached hereto as Exhibit A.  Plaintiff expects that others will file consent forms as this litigation proceeds.  This Court also has supplemental jurisdiction over the California state law claims, which arise out of the same common nucleus of fact, pursuant to 28 U.S.C. § 1367.

8.     Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendant Indeed operated facilities in Santa Clara County, California and because a substantial part of the events giving rise to the claims occurred in this district.  Pursuant to Local Rule 3-2, this case is properly assigned to the San Jose Division because the case arose in Santa Clara County.

**FACTUAL ALLEGATIONS**

9.     Defendant Indeed bills itself as "the #1 job site worldwide, with over 100 million unique visitors per month." *See* http://www.indeed.com/intl/en/about.html. Indeed is available in more than 50 countries and 26 languages, covering 94% of global GDP. *See id.*

10.     During the applicable statutory period, Plaintiff and those similarly situated worked as account executives for Defendant. Account executives' primary job duty was making sales over the telephone from Defendant's premises. Defendant, through its policies, practices, and supervisors, directed the work activity of Plaintiff and other account executives. Employees of Defendant had the authority to discipline Plaintiff and other account executives.

11.     Defendant Indeed's gross annual sales made or business done has been $500,000.00 or greater at all times relevant herein.  Defendant operates in interstate commerce by, among other things, selling paid-per-click job listings to companies in multiple states.

12.     Defendant Indeed has classified (and continues to classify) its account executives, including Plaintiff and those similarly situated, as exempt from FLSA and state wage and hour protections.

13.     Defendant uniformly misrepresented to Plaintiff and other account executives that they were exempt employees and therefore ineligible to receive overtime pay.  In reality, Plaintiff and other account executives are, and were, nonexempt employees who are, and were, entitled to overtime pay.

14.     Plaintiff and those similarly situated routinely worked in excess of eight (8) hours per day and forty (40) hours per week for Defendant without receiving proper overtime pay.

15.     Plaintiff regularly ate lunch while he worked and worked through his meal and rest periods.  Plaintiff's supervisors observed Plaintiff and other account executives eating at their desks and working through lunch.

16.     Defendant did not keep accurate records of the hours Plaintiff and other account executives worked.  Defendant did not track whether Plaintiff and other account executives took meal or rest periods.

17.     Because Defendant did not pay Plaintiff and other account executives for all overtime hours worked, Defendant did not provide Plaintiff and other account executives all wages owed at the time they were no longer employed by Defendant.

18.     Defendant is aware of wage and hour laws.  Defendant Indeed is intimately involved in human resources. Defendant has studied various overtime exemptions under federal and state law, knows that account executives do not qualify for any exemption, and yet chose to continue misclassifying its employees.

19.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

20.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith. Defendant operated under a scheme that has caused significant damages to Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are as follows:

-4-

**FLSA Collective:**     All Persons who have been employed by Defendant as account executives within the United States at any time starting three years prior to the filing of the initial complaint in this action until trial of this action.

22.     Upon information and belief, Defendant knew that Plaintiff and the FLSA Collective performed work that required overtime pay.  Defendant operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

23.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective.  There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CALIFORNIA CLASS ALLEGATIONS

24.     Plaintiff bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined classes:

**California Class:**     All Persons who have been employed by Defendant as account executives in the State of California at any time starting four years prior to the filing of the initial complaint in this action until trial of this action.

25.     Numerosity:     Upon information and belief, the California Class is so numerous that joinder of all members is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendant employed over forty people who satisfy the definition of the proposed California Class.

26.     Typicality:     Plaintiff's claims are typical of the members of the California Class. Plaintiff is informed and believes that, like other account executives, he routinely worked more than forty hours per week, and more than eight hours per day, during the California Class Period.

-5-

Plaintiff had the same duties and responsibilities as other account executives. Plaintiff and the California Class were subject to Defendant's policy and practice of improperly treating and classifying account executives as "exempt" from federal and state wage and hour laws, failing to pay appropriate overtime compensation, failing to pay waiting time penalties, failing to provide meal and rest breaks, and failing to maintain accurate records of hours worked.

27.     Superiority:     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

28.     Adequacy:     Plaintiff will fairly and adequately protect the interests of the California Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

29.     Commonality: Common questions of law and fact exist to all members of the California Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a. Whether Defendant improperly labeled and treated Plaintiff and the members of the California Class as exempt;

b. Whether Defendant unlawfully failed to pay appropriate overtime compensation to Plaintiff and the members of the California Class in violation of the California Labor Code §§ 510 and 1194, California Industrial Wage Order No. 4 (8 C.C.R. § 1140), and the FLSA;

c. Whether Defendant employed Plaintiff and the members of the California Class within the meaning of California law;

d. Whether Plaintiff and the members of the California Class who are no longer employed by Defendant are entitled to waiting time penalties pursuant to California Labor Code § 203;

e. Whether the Defendant's policies and practices provide and/or authorize meal and rest periods;

f. Whether the Defendant's conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq.* by violating the state and federal laws as set forth herein; and

g. The proper measure of damages sustained by Plaintiff and the California Class.

30. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the California Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

31. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions only affecting individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the members of the California Class the overtime pay to which they are entitled. The damages suffered by the individual California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

32. Plaintiff intends to send notice to all members of the California Class to the extent required by Rule 23. The names and addresses of the members of the California Class are available from the Defendant.

### FIRST CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT

### 29 U.S.C. §§ 201 et seq.

(On Behalf of Plaintiff and the FLSA Collective)

33. Plaintiff and the FLSA Collective allege and incorporate by reference the allegations in the preceding paragraphs.

-7-

34.     At all relevant times, Defendant were an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed employees, including Plaintiff and each member of the Collective Class.

35.     Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiff.

36.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

37.     Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked. By failing to compensate Plaintiff and the FLSA Collective overtime compensation, Defendant violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

38.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq*.

39.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

40.     Plaintiff, on behalf of himself and the FLSA Collective, seeks damages in the amount of all unpaid overtime compensation owed to themselves and the Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

41.     Plaintiff, on behalf of themselves and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## CALIFORNIA LABOR CODE

Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194

(On Behalf of Plaintiff and the California Class)

42. Plaintiff and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

43. At all times relevant to this action, Plaintiff and the California Class were employed by Defendant within the meaning of the California Labor Code.

44. By the course of conduct set forth above, Defendant violated Cal. Labor Code §§ 510 and 1194.

45. The California Labor Code requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees.

46. Plaintiff and the California Class were non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

47. During the relevant statutory period, Plaintiff and the California Class worked in excess of eight hours in a work day and/or forty hours in a work week for Defendant.

48. During the relevant statutory period, Defendant failed and refused to pay the Plaintiff and the California Class proper overtime compensation for overtime hours worked.

49. Defendant had a policy and practice of failing and refusing to pay proper overtime pay to Plaintiff and the California Class for their hours worked.

50. As a result of Defendant's failure to pay wages earned and due, Defendant violated the California Labor Code.

51. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

## CALIFORNIA WAGE PAYMENT PROVISIONS OF LABOR CODE

### Cal. Labor Code §§ 201, 202 & 203

(On Behalf of Plaintiff and the California Class)

52.     Plaintiff and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

53.     California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

54.     Plaintiff and the California class are entitled to unpaid overtime compensation, but to date have not received all such compensation.

55.     As a consequence of Defendant's willful conduct in not paying proper compensation for all hours worked, Plaintiff and the California Class are entitled to up to thirty days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**

**CALIFORNIA REST BREAK AND MEAL PERIOD PROVISIONS**

Cal. Wage Order No. 4; Cal. Labor Code §§ 226 *et seq.*, 512,

(On Behalf of Plaintiff and the California Class)

56.     Plaintiff and the California Class allege and incorporate by reference the allegations in the proceeding paragraphs.

57.     California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

58.     Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five
> (5) hours without a meal period of not less than 30 minutes, except that
> when a work period of not more than six (6) hours will complete the day's

-10-

work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

59. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

60. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order,

-11-

and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

61. Defendant knowingly failed to provide Plaintiff and the California Class with meal periods as required by law, and knowingly failed to authorize and permit Plaintiff and the California Class to take rest periods as required by law. Plaintiff and the California Class are therefore entitled to payment of the meal and rest period premiums as provided by law.

## FIFTH CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION LAW

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

(On Behalf of Plaintiff and the California Class)

62. Plaintiff and the California Class allege and incorporate by reference the allegations in the preceding paragraphs.

63. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

64. Beginning at a date unknown to Plaintiff, but at least as long ago as the year 2011, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the California Class.

65. Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

    A. Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

    B. California Labor Code §§ 510 & 1194

    C. California Labor Code §§ 226.7 & 512

-12-

66.     Defendant's course of conduct, acts, and practices in violation of the laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

67.     The harm to Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

68.     Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the California Class are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendant to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all members of the FLSA Collective, prays for relief as follows:

A.     Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.     Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.     Judgment against Defendant for violation of the overtime provisions of the FLSA;

D.     Judgment that Defendant's violations as described above were willful;

E.     An award in an amount equal to Plaintiff's and the Collective's unpaid back wages at the applicable overtime rate;

-13-

F. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

I. Leave to add additional plaintiff by motion, the filing of written consent forms, or any other method approved by the Court; and

J. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

WHEREFORE, Plaintiff, on behalf of himself and all members of the California Class he represents, prays for relief as follows:

A. Unpaid overtime wages, other due wages, injunctive relief, and unpaid meal and rest premiums pursuant to California law;

B. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Designation of Plaintiff as the representative of the California Class, and counsel of record as Class Counsel;

D. Appropriate equitable relief to remedy Defendant's violations of law;

E. Appropriate statutory penalties;

F. An award of damages, liquidated damages, and restitution to be paid by Defendant according to proof;

G. Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor §§ 1194, and California Code of Civil Procedure § 1021.5;

H. Pre-judgment and post-judgment interest, as provided by law;

I. Leave to amend the complaint to add state law claims pursuant to New York and Connecticut law; and

J. Such other equitable relief as the Court may deem just and proper.

-14-

1

### DEMAND FOR JURY TRIAL

2      69.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff,

3 individually and on behalf of all others similarly situated, demand a trial by jury.

4

5 Dated: August 12, 2013                   **NICHOLS KASTER, LLP**

6                              By:

7                                  Adam W. Hansen

8

9                       Attorneys for Plaintiff and Others Similarly Situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

# EXHIBIT A

REDACTED

---

## INDEED, INC.
## PLAINTIFF CONSENT FORM

---

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Indeed, Inc. to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week as account executive, or other similar position, for Indeed, Inc., and did not receive proper compensation for all of my hours worked, including overtime pay.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Indeed, Inc.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 8/5/13

_____
Signature

Adam Rash
Print Name

---

REDACTED

Return this form by       Nichols Kaster, PLLP, Attn: Adam W. Hansen
fax, email or mail to:    Fax: (612) 338-4878
                          Email: forms@nka.com
                          Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402
                          Web: www.nka.com