1  ADAM W. HANSEN (State Bar No. 264241)
   ahansen@nka.com
2  MATTHEW C. HELLAND (State Bar No. 250451)
   helland@nka.com
3  NICHOLS KASTER LLP
   One Embarcadero Center, Suite 720
4  San Francisco, CA 94111
   Telephone:     (415) 277-7235
5  Facsimile:     (415) 277-7238

6  Attorneys for Plaintiff ADAM ROSH

7

8
                    UNITED STATES DISTRICT COURT
9
            NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
10

11 | ADAM ROSH, individually, on behalf of others similarly situated, and on behalf of the general public, | Case No. 5:13-cv-03751-RMW
12 | | **DECLARATION OF MATTHEW C. HELLAND IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**
13 | Plaintiff, |
14 | vs. |
15 | INDEED, INC., | Date: September 5, 2014
   | | Time: 9:00 a.m.
   | | Judge: Hon. Honorable Ronald M. Whyte
16 | Defendant. | Crtrm: 6
17 | | Complaint filed: August 13, 2013

18

19

20

21

22

23

24

25

26

27

28

1. My name is Matthew C. Helland. I am an attorney with the law firm of Nichols Kaster and am counsel of record for Plaintiffs in this action. I submit this declaration based on my own personal knowledge.

2. Nichols Kaster filed 188 individual arbitration demands and thirty-seven separate federal district court actions stemming from the decertification of *Sliger v. Prospect Mortgage, LLC*, No. 2:11-CV-465 (E.D. Cal.), a collective action lawsuit to recover overtime pay. *See James Barker, et al. v. Prospect Mortgage, LLC,* No. 2:13–00822 (D. Ariz. filed Apr. 23, 2013); *Osric Brown, et al. v. Prospect Mortgage, LLC,* No. 2:13–02850 (C.D. Cal. filed Apr. 23, 2013); *Bonny Franklin, et al. v. Prospect Mortgage, LLC,* No. 2:13–00790 (E.D. Cal. filed Apr. 23, 2013); *Javan Devore, et al. v. Prospect Mortgage, LLC,* No. 3:13–01841 (N.D. Cal. filed Apr. 23, 2013); *Otto Miiller v. Prospect Mortgage, LLC,* No. 1:13–01079 (D. Colo. filed Apr. 23, 2013); *Shelley Adams, et al. v. Prospect Mortgage, LLC,* No. 3:13–00581 (D. Conn. filed Apr. 22, 2013); *David Henson v. Prospect Mortgage, LLC,* No. 1:13–00719 (D. Del. filed Apr. 25, 2013); *Michael Graham, et al. v. Prospect Mortgage, LLC,* No. 8:13–01050 (M.D. Fla. filed Apr. 22, 2013); *Byron Andrews, et al. v. Prospect Mortgage, LLC,* No. 1:13–21453 (S.D. Fla. filed Apr. 23, 2013); *David Alexander, et al. v. Prospect Mortgage, LLC,* No. 1:13–01312 (N.D. Ga. filed Apr. 19, 2013); *John Dispirito, et al. v. Prospect Mortgage, LLC,* No. 1:13–00192 (D. Haw. filed Apr. 23, 2013); *Judy Bauer, et al. v. Prospect Mortgage, LLC,* No. 1:13–00190 (D. Idaho filed Apr. 23, 2013); *Jeremy Allaway, et al. v. Prospect Mortgage, LLC,* No. 1:13–03004 (N.D. Ill. filed Apr. 22, 2013); *Judith Albertson, et al. v. Prospect Mortgage, LLC,* No. 1:13–00653 (S.D. Ind. filed Apr. 22, 2013); *Andrew Glenn, et al. v. Prospect Mortgage, LLC,* No. 4:13–00184 (S. D. Iowa filed Apr. 23, 2013); *Damon Cutty v. Prospect Mortgage, LLC,* No. 5:13–00820 (W.D. La. filed Apr. 23, 2013); *Larry Cadenhead, et al. v. Prospect Mortgage, LLC,* No. 1:13–01186 (D. Md. filed Apr. 22, 2013); *John Alves, et al. v. Prospect Mortgage, LLC,* No. 1:13–10985 (D. Mass. filed Apr. 22, 2013); *Laura Noble v. Prospect Mortgage, LLC,* No. 5:13–11837 (E.D. Mich. filed Apr. 23, 2013); *Thomas Gallagher, et al. v. Prospect Mortgage, LLC,* No. 0:13–00941 (D. Minn. filed Apr. 23, 2013); *Carlos Arias, et al. v. Prospect Mortgage, LLC,* No. 2:13–00671 (D. Nev. filed Apr. 22, 2013); *Matthew Zimmerman, et al v. Prospect Mortgage, LLC,* No.

2:13–02585 (D.N.J. filed Apr. 23, 2013); *Catherine Avants v. Prospect Mortgage, LLC,* No. 1:13–00376 (D.N.M. filed Apr. 23, 2013); *Lisa Baez, et al. v. Prospect Mortgage, LLC,* No. 1:13–02449 (E.D.N.Y. filed Apr. 23, 2013); *Sadiki Pierre, et al. v. Prospect Mortgage, LLC,* No. 1:13–00453 (N.D.N.Y. filed Apr. 23, 2013); *Justin Couillard, et al. v. Prospect Mortgage, LLC,* No. 1:13–02676 (S.D.N.Y. filed Apr. 23, 2013); *Thomas Del Gaizo, et al. v. Prospect Mortgage, LLC,* No. 6:13–06200 (W.D.N.Y. filed Apr. 19, 2013); *Van Fleming, et al. v. Prospect Mortgage, LLC,* No. 4:13–00098 (E.D.N.C. filed Apr. 19, 2013); *Stacey Johnson, et al. v. Prospect Mortgage, LLC,* No. 1:13–00331 (M.D.N.C. filed Apr. 19, 2013); *Joseph Keever, et al. v. Prospect Mortgage, LLC,* No. 3:13–00241 (W.D.N.C. filed Apr. 19, 2013); *Victor Chappell v. Prospect Mortgage, LLC,* No. 1:13–00911 (N.D. Ohio filed Apr. 23, 2013); *Gregory Barnhart, et al. v. Prospect Mortgage, LLC,* No. 3:13–00669 (D. Or. filed Apr. 19, 2013); *Richard Kaponer v. Prospect Mortgage, LLC,* No. 9:13–01121 (D.S.C. filed Apr. 25, 2013); *Dorianne Blunt, et al. v. Prospect Mortgage, LLC,* No. 3:13–01595 (N.D. Tex. filed Apr. 25, 2013); *Brian Hopple v. Prospect Mortgage, LLC,* No. 3:13–00137 (W.D. Tex. filed Apr. 22, 2013); *Thomas Sehler, et al. v. Prospect Mortgage, LLC,* No. 1:13–00473 (E.D. Va. filed Apr. 18, 2013); and *Julie Cairone, et al. v. Prospect Mortgage, LLC,* No. 2:13–00722 (W.D. Wash. filed Apr. 24, 2013).

3. Plaintiffs' Counsel is currently litigating against CashCall, Inc. on behalf of mortgage underwriters and loan processors in Orange County. Defendant CashCall, Inc. enforced an arbitration agreement with a class action agreement on all but two Plaintiffs who did not sign arbitration agreements as part of their employment with CashCall.

4. Since the enforcement of the CashCall arbitration agreements in March of 2013, Plaintiffs' Counsel has filed over 85 individual arbitration demands against CashCall with JAMS and has litigated five such cases through a full arbitration hearing. The litigation is ongoing. We will likely file at least eighty more arbitration demands during the course of the litigation.

5. Nichols Kaster had extensive experience representing employees in wage and hour matters. My firm has litigated three FLSA collective actions to verdict. Currently, the firm is sole class counsel, representing a class of over 30,000 employees, in *Sibley, v. Sprint Nextel Inc,* Case No. 2:08-CV-02063-KHV/JPO. *Sibley* involves alleged damages of well over $170,000,000, and

1  was set for trial in June of this year until the court appointed a special master to resolve several
2  key motions.

3       6.      Adam W. Hansen will argue on behalf of Petitioners Jerome Nickols, Ryan Henry,
4  and Beverly Buck in front of the United States Supreme Court this fall in the matter of *Nickols,*
5  *et al. v. Mortgage Bankers Association,* No. 13-1052.

6       7.      I am a partner at Nichols Kaster. I have been practicing law for over eight years. I
7  was admitted to the Minnesota Bar in 2005, and the California Bar in 2007. I joined Nichols
8  Kaster in 2005, and have been part of the firm's wage and hour practice since that time. Adam
9  Hansen is an associate at Nichols Kaster. After graduating from the University of Minnesota Law
10 School in 2008, he clerked for the Minnesota Supreme Court and the United States Court of
11 Appeals for the Eighth Circuit. Mr. Hansen joined Nichols Kaster in 2011, and since then his
12 practice has focused almost exclusively on the representation of employees in individual and class
13 litigation.

14       8.      As of mid-July 2014, my firm had billed over 240 hours on this case, incurring
15 over $70,000 in uncompensated legal fees.  My firm's work on the file included 1) initial
16 investigation of potential claims; (2) drafting the various initiating documents; (3) interviewing
17 Named Plaintiff as well as numerous other potential opt-in Plaintiffs regarding their claims; (4)
18 efforts during informal discovery and mediation; (5) preparing detailed mediation materials
19 analyzing the facts, law, and damages; (6) preparing for and attending mediation; (7) negotiating
20 the settlement terms post-mediation; (8) performing damage calculations based on data provided
21 by Defendant; and (9) drafting settlement document and the joint motion for approval of the
22 settlement.  Much of my firm's pre-suit investigation of the claims occurred before we opened a
23 file in our billing software, and as such, it is not included in our billing records.

24       9.      Attached hereto as **Exhibit A** is a true and correct copy of my firm's bill of costs
25 for this case.  The costs to date total $10,599.82.

26       10.     This settlement does not include Rule 23 claims. Class members who do not return
27 Opt-In and Release Forms to join the settlement will not release any claims. These terms were
28 essential to my firm's willingness to settle this case on the terms and for the amount on which the

parties agreed.

11. My firm entered into contingency fee agreements with Plaintiff Rosh and early opt-ins in this case. This fee agreement entitles my firm to seek attorneys' fees under fee shifting statutes, or to recover a portion of any settlement or judgment. Additionally, my firm was obligated to advance all costs of this proceeding, and agreed to pay any adverse award of costs. The fee agreement in this case is commonly used by Nichols Kaster in similar cases to recover unpaid wages.

12. Because of this contingency fee arrangement, my firm has not received any payment for the time spent litigating this case, nor have we received reimbursement for our out-of-pocket costs during the litigation. Nichols Kaster alone undertook the financial risk of potentially unsuccessful litigation.

13. Nichols Kaster will continue to represent the Plaintiff and opt-ins throughout the settlement administration period as funds and tax documents are disseminated to ensure the documents are mailed in a timely fashion and to answer any potential questions regarding the settlement.

14. Plaintiff Rosh provided important assistance and aided my firm in investigating, filing, litigating, and resolving this action. Several Class Members contacted us during our initial investigation of the case, and others were unwilling to serve as the named Plaintiff. The suit could not have been filed without someone like Plaintiff Roth stepping forward to serve as the lead Plaintiff.

15. In my experience representing employees of start-ups, employees are often hesitant to start a lawsuit against their employer. Several potential clients contacted my firm during the initial investigation of this case, and others besides Plaintiff Rosh were unwilling to serve as a named Plaintiff.

1  I declare under penalty of perjury under the laws of the State of California and the United States
2  that the foregoing is true and correct.
3
4  Dated: August 1, 2014                              s/Matthew C. Helland
                                                      Matthew C. Helland
5