1   MATTHEW C. HELLAND (State Bar No. 250451)
    helland@nka.com
2   ADAM W. HANSEN (State Bar No. 264241)
    ahansen@nka.com
3   NICHOLS KASTER, LLP
    One Embarcadero Center, Suite 720
4   San Francisco, CA 94111
    Telephone: (415) 277-7235
5   Facsimile: (415) 277-7238

6   Attorneys for Plaintiff ADAM ROSH

7   MALCOLM A. HEINICKE (State Bar No. 194174)
    malcolm.heinicke@mto.com
8   JESLYN A. MILLER (State Bar No. 274701)
    jeslyn.miller@mto.com
9   MUNGER, TOLLES & OLSON LLP
    560 Mission Street, 27th Floor
10  San Francisco, California 94105-2907
    Telephone:    (415) 512-4000
11  Facsimile:    (415) 512-4077

12  KATHERINE M. FORSTER (State Bar No. 217609)
    katherine.forster@mto.com
13  MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue, 35th Floor
14  Los Angeles, CA 90071-1560
    Telephone:    (213) 683-9100
15  Facsimile:    (213) 687-3702

16  Attorneys for Defendant INDEED, INC.

17

UNITED STATES DISTRICT COURT

18

NORTHERN DISTRICT OF CALIFORNIA

19

20  ADAM ROSH, individually, on behalf of others similarly situated, and on behalf of the general public,

    Case No. 5:13-cv-03751-RMW

21

22              Plaintiff,

    **[] AMENDED ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT**

23          vs.

24  INDEED, INC.,

    Date: September 5, 2014
    Time: 9:00 a.m.
25              Defendant.
    Courtroom: 6 (Fourth Floor)
    Judge: Honorable Ronald M. Whyte
26

27

28

1        The joint motion of the Settling Parties for an order approving a collective action
2 settlement came on for hearing on September 5, 2014.  The Court has considered the Stipulation
3 Re: Settlement of Collective Action and its accompanying exhibits, the submissions of counsel,
4 and all other papers filed in this action.  The matter having been submitted and good cause
5 appearing therefore, the Court finds as follows:
6        1.   All defined terms contained herein shall have the same meanings as set
7 forth in the Stipulation Re: Settlement of Collective Action executed by the Settling Parties and
8 filed with this Court (the "Stipulation");
9        2.   Plaintiff and Indeed, through their counsel of record in the Litigation and
10 per the terms of the Stipulation, have reached an agreement to resolve the Litigation and settle all
11 Released Claims;
12       3.   The Court finds that, for the purpose of approving this settlement only and
13 for no other purpose and with no other effect, in the context of this Settlement, the proposed Class
14 meets the requirements for certification as a collective action class under 29 U.S.C. § 216(b)
15 because a sufficient showing has been made that the Class Members are similarly situated;
16       4.   The moving parties have presented to the Court for review a Stipulation Re:
17 Settlement of Collective Action.  The Stipulation is fair and reasonable and meets the
18 requirements for approval.  The Stipulation calls for the dismissal of all of the state law
19 (California) claims asserted under Federal Rule of Civil Procedure 23, and such dismissal is
20 appropriate without further notice to the uncertified proposed California class;
21       5.   The moving parties have also presented to the Court for review a plan to
22 provide Notice to the Members of the proposed Class which sets out the terms of the settlement
23 and the Class Members' options including, *inter alia*, their options (i) to opt in to the Settlement
24 Class and seek to become Participating Claimants, and/or (ii) to refrain from acting and thereby
25 exclude themselves from the Settlement Class.  The Notice will be mailed to all Class Members at
26 their Last Known Addresses.  The plan regarding Notice proposed by the Settling Parties is the
27 best practical under the circumstances and satisfies pertinent due process requirements.
28       Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

[] ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT

1.      Pursuant to 29 U.S.C. § 216(b), the Class is certified as a collective action, and the Stipulation of Settlement is approved;

2.      Pursuant to the Stipulation of the Parties and Federal Rules of Civil Procedure 23(e) and 41(a)(1)(A)(ii), the putative California class claims, specifically the Second, Third, Fourth, and Fifth Claims for Relief and the associated portions of the requests in the Class and Collective Action Complaint, are hereby dismissed without prejudice.  This dismissal does not affect the remainder of the Complaint, which will be resolved and dismissed with prejudice pursuant to this settlement nor does it affect the scope of the definition of Released Claims;

3.      This Stipulation was reached on a collective action basis, and so the requirements of the Class Action Fairness Act do not apply here, and such no notice to government officials was required for the anticipated Judgment to be enforceable, and the Court further finds that even if the Class Action Fairness Act did apply, the releases executed by Participating Claimants would by themselves be independently enforceable;

4.      Notice of the proposed settlement, and the rights of Class Members to opt in to the settlement and become Participating Claimants, if eligible, or refrain from acting and thereby exclude themselves from the settlement, shall be given by mailing of the Notice by first class mail, postage prepaid, to all Class Members pursuant to the applicable provisions in the Stipulation.  Indeed shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation;

5.      Indeed has agreed to pay Class Counsel their reasonable attorney fees in this matter, and the Court approves this agreement, subject to the following modifications of the terms of the Stipulation, to which the Settling Parties have stipulated:  (a) the Maximum Amount for Payments to Participating Claimants shall be $651,750, instead of $644,000, and (b) the Maximum Amount for Attorney Fee Payments shall be 25% of the Maximum Settlement Amount after subtracting allocated litigation and claims administration costs and the incentive award, i.e., the Maximum Amount for Attorney Fee Payments shall be $217,250. Per the terms of the Stipulation, the "Actual Amount for Attorney Fee Payments" shall mean the Maximum Amount for Attorney Fee Payments multiplied by the percentage of the Maximum Amount for Payments to

1  Participating Claimants that is actually claimed and therefore must be paid to the Settlement Class
2  Members, i.e., the claims rate or claims percentage.  Indeed has also agreed to pay Class Counsel
3  allowable litigation costs and associated litigation expenses in this matter up to the maximum
4  gross amount of $10,000, and Indeed has agreed to pay an enhancement award in the total
5  maximum gross amount of $1,000 to the Plaintiff to reimburse him for his unique services and
6  execution of a general release.  The Court finds that these agreements are fair and reasonable;

7              6.      The Claims Administrator is approved;

8              7.      In the event that the Effective Date occurs, all Settlement Class Members
9  (i.e., those who have properly opted into the litigation and settlement and become Participating
10 Claimants) will be deemed to have forever released and discharged the Released Claims
11 (including Unknown Claims), and the Litigation, will be resolved with prejudice.  In the event that
12 the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null
13 and void and shall have no effect whatsoever.

14             8.      Following the completion of the notice and opt in process, the Settling
15 Parties shall submit the proposed Judgment for entry by the Court, and the Settling Parties are
16 directed to do so through stipulation and not through a noticed motion.

17

18 **PURSUANT TO STIPULATION, IT IS SO ORDERED**.

19

20 DATED:

21

22

23                                            _____
                                               The Honorable Ronald M. Whyte
24                                             United States District Court Judge

25

26

27

28

-3-
[] ORDER GRANTING APPROVAL OF COLLECTIVE ACTION SETTLEMENT